IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12-CR-0386-03-DGK |
| | ) | |
| KYLE WAYNE DICKERSON, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT KYLE WAYNE DICKERSON'S MOTION FOR ACQUITTAL AND MOTION TO VACATE JUDGMENT, OR IN THE ALTERNATIVE, MOTION FOR NEW TRIAL**

Pending before the Court are Defendant Kyle Wayne Dickerson's "Rule 29 Motion for Acquittal" (Doc. 231) and "Rule 33 Motion to Vacate Judgment or in the Alternative Motion for New Trial" (Doc. 230). For the following reasons, the motions are DENIED.

**I.     The Court denies Defendant's request for judgment of acquittal.**

Defendant contends the Court should enter a judgment of acquittal because the Government failed to prove his guilt beyond a reasonable doubt on each of the counts he was found guilty, namely Counts 1, 2, 18, 20, and 25. Defendant does not make any specific arguments with respect to any particular element of these offenses, rather, he contends the Government generally failed to carry its burden of proof.

Federal Rule of Criminal Procedure 29(c) provides that a defendant may move for judgment of acquittal within fourteen days after the jury has returned its guilty verdict or the court has discharged the jury, whichever is later. In evaluating the sufficiency of the evidence, courts view the evidence in the light most favorable to the verdict, including drawing all reasonable inferences from the evidence in the Government's favor. *United States v. Ihmoud*,

454 F.3d 887, 890 (8th Cir. 2006). A court "reverses only if the jury must have had a reasonable doubt about an essential element of the crime." *Id.* (internal citation omitted). Courts possess "very limited latitude" in making this determination, *United States v. Baker*, 367 F.3d 790, 797 (8th Cir. 2004), and are not permitted to assess the witnesses' credibility or to weigh the evidence. *United States v. Pruneda*, 518 F.3d 597, 605 (8th Cir. 2008). If the evidence could support either a finding of guilt or innocence, the court must deny the motion. *Ortega v. United States*, 270 F.3d 540, 544 (8th Cir. 2001). The fact that the evidence is capable of two plausible interpretations does not render the jury's finding of guilt unreasonable. *See United States v. Olbres*, 61 F.3d 967, 970 (1st Cir. 1995).

The Court holds Defendant's motion is timely filed but lacks merit. Viewing the evidence in the light most favorable to the verdict, including drawing all reasonable inferences in the Government's favor, the Government established Defendant's guilt beyond a reasonable doubt.

With respect to Count 1, the evidence demonstrated that Defendant Kyle Dickerson and his father, Jon Dickerson, conspired with others to steal trucks, trailers, fuel, license plates, and fuel tax stickers. Kyle Dickerson personally removed vehicle identification number ("VIN") plates from stolen vehicles and replaced them with VIN plates from their own old, broken-down vehicles to make the stolen vehicles appear legitimate, and also disassembled the stolen vehicles to sell or reuse the various parts. Along with his father, Kyle Dickerson also operated his numerous trucking companies as "chameleon carriers," abandoning each after it accumulated too many out-of-service orders and fines. For example, in September 2007, police recovered cut-up pieces of three stolen vehicles on a lot rented by Jon Dickerson and Kyle Dickerson on Highway

50, Lee's Summit, Missouri. The fenced lot was secured by a locked gate, and the Dickersons had the only key.

With respect to Count 2, in September 2008, the Florida Highway Patrol recovered a stolen truck and trailer at a truck stop. The stolen trailer had the name "Night Line" on its side, a cab card also indicated it was owned by Night Line, and the inspection label was in the name of Night Line Trucking and Repair. When the state trooper called the phone number for Night Line, he talked with someone who identified himself as Kyle Dickerson and said that Night Line was his company and the Department of Transportation ("DOT") authority was his, but denied that he owned the stolen truck or trailer.

Night Line used the stolen truck and trailer to transport cargo from Kansas City, Missouri, to California and then to Florida. The broker who booked the load from Kansas City to California, testified that the settlement check for that load (which was transported by stolen vehicles) went to K. Wayne Dickerson dba Night Line Trucking and Repair at his Lone Jack, Missouri, address.

The stolen trailer actually belonged to Sharkey Transportation. John McCoy, an employee of Sharkey Transportation who assists with locating the company's stolen vehicles, testified that when he recovered this stolen trailer, he called the number for Night Line and talked to someone who identified himself as Kyle Dickerson. This person said that Night Line's DOT authority had been used without consent. Mr. McCoy testified that the person he talked to sounded evasive, like he was hiding something.

With respect to Counts 18 and 20, the evidence showed that the Dickersons rented part of a lot on Browning Road in Lee's Summit, Missouri. The rent on the lot was paid by the Dickersons' company, Nightline Trucking. A fence with a locked gate enclosed the lot. Only

3

the landlord and the Dickersons had a key, and only the Dickersons parked commercial trucks and trailers there.  When police officers executed a search warrant there in March 2011, they recovered three stolen trailers, one of which is the subject of Count 20; one stolen truck; and one trailer containing stolen Little Sizzler sausages which are the subject of Count 18.  The trailer with the stolen Little Sizzler sausages had "Dirk," Jon Dickerson's nickname, written on the corner.

Finally, with respect to Count 25, the police also recovered from the Browning Road lot a stolen 2000 Freightliner truck that had been used by co-defendant Kenneth Borders to steal Nike shoes from a facility in Junction City, Kansas.  Images from a video camera at the Junction City facility and a Topeka toll booth showed that a truck which had a strip missing from its front grill—a distinct mark—was used to transport the stolen shoes.  The stolen truck recovered from the lot had the same distinct strip missing from its grill, and this truck had been partially disassembled.

Codefendant Verdie Carr drove trucks for Night Line Trucking.  When the police executed a search warrant at Carr's home in March 2011, they recovered stolen Nike shoes, stolen Little Sizzler sausages, and documents related to Kyle Dickerson and Night Line Trucking.

Thus, the evidence supports the jury's finding that Kyle Dickerson was guilty beyond a reasonable doubt on Counts 1, 2, 18, 20, and 25.

**II.     The Court denies Defendant's request to vacate the judgment or order a new trial.**

In relevant part, Rule 33(a) permits the Court to "vacate any judgment and grant a new trial if the interest of justice so requires."  A district court must exercise its authority under Rule 33 "sparingly and with caution."  *United States v. McClellon*, 578 F.3d 846, 857 (8th Cir. 2009).

4

The Eighth Circuit has cautioned that in order to grant a new trial, a district court must find that the evidence weighs "so heavily against the verdict that a miscarriage of justice may have occurred." *Id.* at 857 (internal quotation marks omitted).

Kyle Dickerson makes seven arguments in support of his motion, incorporating by reference his objections and arguments raised in his pretrial motions and those made during trial. He argues the motion should be granted because: (1) the Court erred in failing to grant a mistrial following the comments made by a juror in an elevator; (2) the Court erred by not excluding evidence from the Department of Transportation expert, Daniel Meyer, because his testimony was irrelevant, inflammatory, and prejudicial; (3) the Court abused its discretion in limiting the cross-examination of cooperating witnesses John Strauss and Jaccard Fears; (4) the Court erred by not allowing him to use the out of court statement of Christopher Turner; (5) the Government failed to prove his guilt beyond a reasonable doubt on Counts 2, 18, 20, and 25 because it failed to prove he constructively possessed the stolen goods and vehicles; (6) Agent David Colegrove's initial notes from his March 31, 2011, interview with Jon Dickerson should have been disclosed in the pre-trial discovery; and (7) there is no evidence suggesting that he knew that the stolen truck he was charged with aiding and abetting the transportation of in Count 2 was, in fact, stolen.

The first six arguments raised by Kyle Dickerson in support of his motion are identical to those raised by Jon Dickerson in his "Rule 33 Motion to Vacate the Judgment, or in the Alternative, Order for New Trial" (Doc. 225). The Court denies these arguments for the reasons given in its order denying Jon Dickerson's Rule 33 motion. Defendant's seventh argument is denied because the evidence supports the jury's conclusion that Kyle Dickerson knew the truck had been stolen. The evidence showed that Kyle Dickerson routinely used stolen vehicles to

transport cargo; Kyle Dickerson's company paid for the load that was being transported in the stolen truck; and the stolen truck had numerous identifiers linking it to him.  This evidence supports an inference that Kyle Dickerson knew the truck had been stolen.

Accordingly, for the reasons discussed above, Defendant's motions are DENIED.

**IT IS SO ORDERED.**

Date:   June 20, 2014                                             /s/ Greg Kays
                                                                                  GREG KAYS, CHIEF JUDGE
                                                                                  UNITED STATES DISTRICT COURT